**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**YAHOSHUA-YISRAEL:YAHWEH**                                                      **PLAINTIFF**

v.                                                                               **NO.: 3:13CV36-M-A**

**AT&T, AT&T MOBILITY, LLC, and
DOES 1-20**                                                          **DEFENDANTS**

**ORDER**

This cause comes before the court on defendants' motion to dismiss or, in the alternative, to compel arbitration [Doc. 15]. The plaintiff has responded in opposition. Upon due consideration of the memoranda submitted, and the relevant law, the court is now prepared to rule.

Plaintiff, proceeding *pro se*, brings this action against defendants for violations of the Electronic Fund Transfers Act, Fair Debt Collection Practices Act, Consumer Credit Protection Act, Conspiracy to Defraud, Mail Fraud and Wire Fraud, and other public laws and commerce laws from the Bible.

The court liberally construes the pleadings filed by the plaintiff because of his *pro se* status. However, the court is not required to search for, or try to create, causes of action for the plaintiff.

Plaintiff alleges that AT&T wrongfully terminated the wireless service provided under an agreement with Azez Ellis, account number ending in *3716. Defendants move to dismiss the complaint under Rule 10(a) and Rule 17(a) of the Federal Rules of Civil Procedure for plaintiff's failure to identify Azez Ellis in the title of the complaint. Further, defendants, pursuant to Rule 12(b)(3), move for dismissal for improper venue under the binding arbitration agreement in the wireless services agreement, or in the alternative, to compel arbitration.

Yahweh references the wireless service account as his own in the complaint. However, the plaintiff does not give the court any indication of the relationship between him and Azez Ellis besides his signature line in the response to the motion to dismiss—in which below his signature it reads "Executor of the Family Ellis Estate." The court is unfamiliar with this terminology, but will not dismiss the complaint under Rules 10(a) or 17(a) of the Federal Rules of Civil Procedure on this basis.

Plaintiff is strongly cautioned however that if he is not an attorney, he is forbidden from filing complaints on behalf of others. Furthermore, the court has before it other pending lawsuits and motions that contain both the Yahweh name and the Ellis name; the relationship between the two is not clarified in any of those filings.[1]

The Supreme Court recently, in *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013), clarified that actions filed in a proper district may not be dismissed under Rule 12(b)(3):

> This question—whether venue is "wrong" or "improper"—is generally governed by 28 U.S.C. § 1391. That provision states that "[e]xcept as otherwise provided by *law* ... this section *shall* govern the venue of *all civil actions* brought in district courts of the United States." § 1391(a)(1) (emphasis added). It further provides that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." § 1391(b). When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case

---

[1] Due to the numerous complaints filed by plaintiff that do not warrant him relief in this court, and his abuse of the judicial process, the plaintiff must be represented by counsel or obtain permission from the court before filing any other action in this district.

> falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).

(some internal citations omitted). Therefore, dismissal of this action is not proper because at least one of the requirements of § 1391 is met. The arbitration agreement that is contained in the wireless service agreement is however a valid and enforceable agreement and no grounds exist for the revocation of this agreement. Pursuant to the Federal Arbitration Act, the court hereby compels arbitration and stays litigation of the claims pending the resolution of that arbitration.

The court will therefore enter an administrative dismissal of this case since the matter will now be before an arbitration panel. The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.,* administratively closed cases are not counted as active. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases."); *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004).

The motion to compel arbitration [15] is GRANTED. This case is hereby closed administratively. The parties are to notify the court should the need for judicial intervention arise in this matter.

IT IS SO ORDERED this the 18th day of February, 2014.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**